IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,                  No. CR S-99-0051 GEB EFB P

    vs.

JAVIER MORA,

        Movant.                     <u>FINDINGS & RECOMMENDATIONS</u>

_____/

       Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On April 10, 2006, respondent filed a motion to dismiss on the ground that the section 2255 motion is barred by the statute of limitations. On April 13, 2006, movant requested an extension of time to respond to the motion to dismiss because he was in the segregation housing unit, did not have access to his legal documents, and was awaiting a disciplinary transfer to another institution. On May 16, 2006, the court granted movant a period of sixty days in which to file and serve an opposition to respondent's motion. The court also warned movant that failure to file an opposition to respondent's motion to dismiss could result in a recommendation that this action be dismissed.

       Movant failed to file an opposition brief as required by the May 16, 2006 order. Nor did movant request a second extension of time to file an opposition brief. Accordingly, on

1

December 6, 2006, the court ordered movant to show cause, within twenty days, why respondent's motion to dismiss should not be granted. On December 15, 2006, movant filed a response to the order to show cause, stating that he is once again without his legal property, has no legal assistance, and is faced with another pending transfer. Movant also states that his trial attorney lied to him numerous times, but because movant has no legal knowledge, he did not know how to help himself. Finally, movant states that "due to my lack of legal education, the circumstances I am in and not having a way to seek or acquire any legal guidance or assistance in short notice, I must painfully say there's not much else I can do for myself in this matter." Movant's Dec. 15, 2006 Resp. at 2. Movant did not request an extension of time to file and serve an opposition to respondent's motion to dismiss.

Even though the court previously granted movant an extension of time in which to file an opposition brief, he failed to do so. Movant does not explain why he could not file an opposition brief during this time, or why he failed to request a second extension of time. The instant response to the order to show cause does not suggest that movant has made any effort to draft and file an opposition brief during the protracted period of time that has elapsed since the filing of the motion to dismiss in April of 2006. Nor does movant attempt to argue or explain why his section 2255 motion is timely. Rather, movant appears to assert that without counsel, he cannot or will not proceed with his section 2255 motion. However, there currently exists no absolute right to appointment of counsel in section 2255 proceedings. *See, e.g., Irwin v. United States*, 414 F.2d 606 (9th Cir. 1969). While 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require," *see* Rule 8(c), Rules Governing Section 2255 Proceedings, the court does not find that the interests of justice would be served by the appointment of counsel in the present case.

A responding party's failure "to file [an] opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." Local Rule 78-230(m). Furthermore, a party's failure to

...

comply with any order or with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 11-110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

The court warned movant that his failure to file an opposition to respondent's motion to dismiss may result in a recommendation that his section 2255 motion be dismissed. Movant has not filed an opposition brief and has, to this date, not demonstrated good cause in response to this court's December 6, 2006 order to show cause. Moreover, movant suggests that he does not intend to prosecute this action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed for movant's failure to prosecute. *See* Fed. R. Civ. P. 41(b); Rule 12, Rules Governing § 2255 Cases; Local Rule 11-110;

2. The Clerk of the Court be directed to terminate docket numbers 332, 333 and 337; and,

3. The Clerk be directed to close the companion civil case, No. CIV S-05-1752 GEB EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 Dated: June 11, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE